IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Brief May 11, 2004

## STATE OF TENNESSEE v. BRYAN K. MILLER

**Appeal from the Circuit Court for Franklin County**
**No. 14539    J. Curtis Smith, Judge**

---

**No. M2003-01434-CCA-R3-CD - Filed July 7, 2004**

---

The Appellant, Bryan K. Miller, appeals his conviction for driving under the influence (DUI), fourth offense. On appeal, Miller raises the single issue of whether the evidence was sufficient to support his conviction. Finding the evidence legally sufficient, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, J.J., joined.

David McGovern, Assistant Public Defender, Jasper, Tennessee, for the Appellant, Bryan K. Miller.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Michelle R. Chapman, Assistant Attorney General; J. Michael Taylor, District Attorney General; and Steven M. Blount, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On February 17, 2002, the Appellant was stopped by Officer McBee for traveling sixty-three miles per hour in a thirty-mile an hour zone in the city of Cowan. The officer requested the Appellant's driver license, but the Appellant informed him that he didn't have one, as it had been revoked. McBee requested that the Appellant step out of the vehicle, and the Appellant complied. At this point McBee noticed that the Appellant smelled of alcohol. When asked if he had been drinking, the Appellant responded "that he had a few." The Appellant was then asked to perform the standard heel-to-toe and one-leg stand tests, which he failed. A second off-duty officer was present when the Appellant attempted to perform the two tests and also testified that the Appellant's performance of these tests was unsatisfactory. The Appellant was placed under arrest and taken to jail, where he refused to submit to a Breathalyzer test.

On May 6, 2002, a Franklin County grand jury returned a seven-count indictment against the Appellant for: (1) violation of the motor vehicle habitual offender statute; (2) driving on a revoked license; (3) driving on a revoked license, third offense; (4) driving while intoxicated; (5) driving while intoxicated, fourth offense; (6) violation of the implied consent law; and (7) reckless driving. These charges all arose from the events of February 17, 2002. After a jury trial, the Appellant was convicted of (1) DUI, fourth offense, a class E felony; (2) violation of the motor vehicle habitual offender statute, a class E felony; and (3) reckless driving. A sentencing hearing was held on February 27, 2003, at which time the Appellant was sentenced, as a Range II multiple offender, to concurrent four-year community corrections sentences, with service of eleven months and twenty-nine days in the county jail. These sentences were ordered to be served concurrently with the Appellant's six-month sentence in the county jail for reckless driving. The Appellant's motion for new trial was denied, with this appeal following.

**Analysis**

On appeal, the Appellant raises the single issue of sufficiency of the evidence. In considering this issue, we apply the rule that, where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

The Appellant was convicted of DUI, in violation of Tennessee Code Annotated section 55-10-401(a)(1), which provides that it is unlawful for any person to drive or be in physical control of an automobile on any public road, while under the influence of an intoxicant. The Appellant only challenges the sufficiency of proof of the requisite element that he was under the influence of an intoxicant. Specifically, he asserts that any conclusions drawn by the officers were suspect because of their lack of training, varying testimony as to the specific details of the Appellant's performance of the field sobriety tests, failure to take notes, failure to question the Appellant when and how many

beers he had consumed, and providing an uneven surface upon which to take the field sobriety tests. We disagree. As the State asserts, these are issues which go to credibility and weight of the evidence. These factual considerations were resolved by the trier of fact, and we are without authority to reweigh or reevaluate the determinations.

The officer testified that the Appellant was stopped for speeding and was unable to produce a driver license. Both officers testified that the Appellant smelled of alcohol, and the Appellant admitted that he had consumed alcohol. Despite variances in the officer's testimony regarding the nature and degree of the Appellant's performance of the field sobriety tests, both testified that his performance was unsatisfactory. Additionally, the Appellant refused to take a Breathalyzer test. This evidence, when considered in the light most favorable to the State, is sufficient to support a finding by a rational jury that the Appellant was driving a vehicle while under the influence of an intoxicant. This issue is without merit.

## CONCLUSION

We conclude that there was sufficient evidence to support the Appellant's conviction for DUI, fourth offense. Accordingly, the judgment of the Franklin County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE